**Patricio AHUMADA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75003.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed March 13, 2007.

Manuel Rios, Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Rebecca Shapiro Cohen, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM **

Patricio Ahumada, a native and citizen of Chile, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying him a waiver under former INA § 212(c). We dismiss the petition for review in part and deny it in part.

To the extent that Ahumada challenges the agency's denial of a § 212(c) waiver on the merits, we lack jurisdiction to review this claim. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

Ahumada's contention that the BIA should have remanded his case because the IJ applied an incorrect legal standard is unpersuasive. The BIA acted properly in adopting and affirming the IJ's decision "[e]xcept with regard to her references to 'extreme hardship.' " *See Elnager v. INS*, 930 F.2d 784, 787 (9th Cir.1991) ("[T]he BIA has the power to make independent determinations regarding the legal sufficiency of evidence .... [and] has the power to apply the correct standard regardless of the law applied by the immigration judge."). In addition, Ahumada is incorrect in asserting that the BIA entered an initial deportation order in this case.

We have reviewed the record of proceedings before IJ Anna Ho and conclude that her conduct of Ahumada's deportation hearings, while unfortunate in some respects, did not prevent him from reasonably presenting his case or violate due process. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003) ("The IJ did question Melkonian aggressively and sometimes harshly. Nonetheless, this does not, on the facts of this case, rise to the level of a due process violation."); *cf. Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir.2000) (concluding that due process was violated because the IJ, inter alia, "forced [counsel] to end his examination of Colmenar after only a handful of questions").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.